UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| THERESA FAIR | Case Number |
| Plaintiff |   |
|   | CIVIL COMPLAINT |
| vs. |   |
| SUNRISE CREDIT SERVICES, INC. & T-MOBILE USA, INC. | JURY TRIAL DEMANDED |
| Defendant |   |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs, Theresa Fair, by and through her undersigned counsel, Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Theresa Fair, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3

("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that the Plaintiff resides in this District.

## III.    PARTIES

4. Plaintiff, Theresa Fair, is an adult natural person residing in Kimberton, PA 19442. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Sunrise Credit Services, Inc. (hereinafter Defendant, Sunrise) at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with a principal place of business located at 260 Airport Plaza Boulevard, Farmingdale, NY 11735.

6. Defendant, T-Mobile USA, Inc. (hereinafter Defendant, T-Mobile) at all times relevant hereto, is and was a Corporation engaged in the business of providing mobile telephones, within the Commonwealth of Pennsylvania and has a corporate office located at 12920 S.E. 38th Street, Bellevue, WA 98006.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendant, Sunrise Credit Services, Inc. is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. In or about July, 2012, Plaintiff received a final bill from Defendant, T-Mobile for wireless services through July 6, 2012.

9. Plaintiff was said to owe a debt of approximately $481.00.

10. On or about August 17, 2012, Plaintiff sent check number 478 directly to Defendant, T-Mobile in the amount of $418.00 to settle the alleged debt owed.

11. Despite receiving payment in full on August 17, 2012, Defendant, T-Mobile sent the account to Defendant, Sunrise for collections causing Plaintiff to be burdened by Defendant, Sunrise's collection practices.

12. Plaintiff received a letter from Defendant, Sunrise dated September 7, 2012 claiming she owed on the T-Mobile account that she paid in full on August 17, 2012.

13. Plaintiff was said to owe a debt of approximately $120.25.

14. After receiving the September 7, 2012 dated letter, Plaintiff started to receive constant calls to her home phone from Defendant, Sunrise regarding the debt allegedly owed on the T-mobile account.

15. Plaintiff, unable to bare the harassing phone calls any longer, contacted Defendant, Sunrise to dispute the alleged T-Mobile debt and request that the incessant phone calls stop.

16. At that time, Plaintiff informed the female agent of the Defendant, Sunrise that she had paid off her account directly through Defendant, T-Mobile and that she didn't owed anything more.

17. During this same call, the Plaintiff was told that the amount sought of $120.25 was the account balance and that she still owed the money. Despite being told the account was already paid, the agent of Defendant, Sunrise confirmed that they would continue to attempt to collect unless the Plaintiff paid the alleged balance.

18. Even after being informed by the Plaintiff that the account has been paid in full Defendant, Sunrise continues their relentless collection efforts by causing Plaintiff's phone to ring repeatedly.

19. As of the filing of this complaint, Defendant, Sunrise continues their collection efforts despite never validating this debt.

20. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

22. At all times pertinent hereto, the conduct of the Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA
### (Plaintiff v. Defendant, Sunrise Credit Services, Inc.)

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully request that this court enter judgment in her favor and against Sunrise Credit Services, Inc. for the following:

      a.      Actual damages;

      d.      Statutory damages pursuant to 15 U.S.C. §1692k;

      c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

      d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)
### (Plaintiff v. Defendant, Sunrise Credit Services, Inc. & Defendant, T-Mobile USA, Inc.)

26.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

27.    The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

28.    The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

29.    The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

30. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

31. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

32. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

33. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

**(Plaintiff v. Defendant, Sunrise Credit Services, Inc. & Defendant, T-Mobile USA, Inc.)**

34. The foregoing paragraphs are incorporated herein by reference.

35. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

36. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

37. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

   a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

38. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

39. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. An Order declaring that Defendant violated the UTPCPL;

   b. Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: September 26, 2012    BY: */s/ Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060   Fax 610-489-1997
Attorney for Plaintiff